**Charles O. THOMPSON, Senior Party, Appellant,**

v.

**Charles O. THOMPSON, Jesse F. Wilkerson, and James A. Henson, Junior Party Cross-Appellants.**

**No. 00–1309, 00–1311.**

United States Court of Appeals, Federal Circuit.

April 5, 2001.

Before MAYER, Chief Judge, LOURIE, and BRYSON, Circuit Judges.

## DECISION

LOURIE, Circuit Judge.

Charles O. Thompson appeals from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences holding U.S. Patent 5,329,438 invalid for obviousness in Patent Interference No. 103,878. *Thompson, Wilkerson, and Henson v. Thompson,* Pat. Inter. No. 103,878 (Bd. Pat.App. & Inter. Feb. 15, 2000) (Paper No. 66) ("*Thompson*"). Because the Board's decision is supported by substantial evidence and is correct as a matter of law, we *affirm.*

## DISCUSSION

Mr. Thompson, the senior party, is the sole named inventor and owner of the '438 patent, which relates to a streetlight shade designed to prevent light from being directed upward into the sky. Jesse F. Wilkerson and James A. Henson assert that they are coinventors, along with Thompson (collectively, Thompson et al.), of the subject matter of the '438 patent. They filed a patent application, Serial No. 08/243,630, copying the claims of the '438 patent to provoke the present interference. Thompson is a non-signing coinventor of Thompson et al.'s application. Claim 4 of the '438 patent is representative of the disputed limitations of claims 1–7 of that patent and reads as follows:

> For use in an outdoor pole mounted lighting fixture having a head fixture housing bearing a depending light source, the improvement comprising:
>
> an integral unitary reflector spun from aluminum;
>
> a side member of said reflector forming a light impermeable member of generally parabolic configuration having a circular cross section tapering inwardly toward an open top end containing said light source and directing light from said light source downwardly at a lower open end;
>
> a connection integral with and extending adjacent said open top end of said side member for receiving said light source therein and being complementary to a lower end of said head to prevent the upward passage of light from said light source;

a matt-like finish on an interior surface of said reflector providing uniformity of spread and distribution of light;

said interior surface *being of such a configuration as to reflect light generally downwardly with a substantially 90° cutoff at said lower open end of said side member avoiding directing light at an angle above the horizontal;*

*said bottom of said reflector being entirely open to the atmosphere* and devoid of any refractor so that said light is directed generally downwardly entirely by said interior surface of said reflector; and

a fastener on said reflector adjacent said top end engageable with said head fixture housing for securing said reflector to said head fixture;

whereby loss of light and sky contamination through upwardly directed light is avoided.

'438 patent, col. 5, I. 30 to col. 6, I. 24 (emphasis added).

The Board held that Thompson et al. did not establish by a preponderance of the evidence that Henson and Wilkerson are joint inventors with Thompson. The Board also held that claims 1–7 were unpatentable under 35 U.S.C. § 103 (Supp. IV 1998). Specifically, the Board held that it would have been obvious to modify the industry-standard NEMA (National Electrical Manufacturers Association) shade described in the '438 patent by eliminating the glass refractor and extending the parabolic shade of the head in view of the teaching of an IES (Illuminating Engineering Society) disclosure of a shade extending past the lamp. The Board also held that it would have been similarly obvious to modify a General Electric Novalux reference in view of the IES disclosure and a Hubbell reference. Thompson appeals that judgment; Thompson et al. cross-appeal the judgment that they did not prove joint inventorship of the claimed

subject matter. We have jurisdiction pursuant to 28 U .S.C.A. § 1295(a)(4)(A) (West Supp.2000).

On appeal, Thompson argues that the Board erred by *sua sponte* rejecting the claims as obvious over combinations of references not asserted by Thompson et al., and that Thompson et al. could not have met their burden to show invalidity by a preponderance of the evidence because they did not try to prove invalidity on the grounds ultimately relied upon by the Board. Thompson also argues that the Board erred in relying on the IES reference because it has an asymmetric configuration and an integral flange that would require a molded construction or a reflector, which is contrary to the claimed parabolic configuration and spun-aluminum construction. Finally, Thompson argues that the Board failed to account for secondary considerations of non-obviousness.

Thompson et al. respond that its motion under 37 C.F.R. § 1.633(a) asserting invalidity specifically alleged that Thompson's claims were either anticipated or obvious and therefore that the Board's holding was not *sua sponte*. On the merits, Thompson et al. argue that the Board correctly held that the claims would have been obvious over the description of the NEMA fixture in combination with the open Hubbell or IES designs, or alternatively over the General Electric Novalux reference in view of the open design of Hubbell and IES. Thompson et al. state that no evidence supports Thompson's allegation that the shade in the IES reference requires a different forming process. Thompson et al. also argue that Thompson's evidence of secondary considerations is not sufficient to overcome the obviousness rejection because Thompson offered only an anecdotal prediction of commercial success and did not demonstrate the required nexus between actual sales and any alleged novelty of the device. Finally, Thompson et al.

cross-appeal the Board's determination that it did not prove joint inventorship by a preponderance of the evidence.

We review the Board's legal conclusion of obviousness *de novo* and the factual underpinnings of its decision for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1315, 53 USPQ2d 1769, 1774 (Fed.Cir.2000). Under the substantial evidence standard, we will affirm the Board's factual determinations if they are based upon "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1312, 203 F.3d 1305, 53 USPQ2d at 1773 (quoting *Consol. Edison v. NLRB*, 305 U.S. 197, 229–30, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The party challenging the validity of a patent in an interference must prove facts showing invalidity by a preponderance of the evidence. *Bruning v. Hirose*, 161 F.3d 681, 686–87, 48 USPQ2d 1934, 1938 (Fed. Cir.1998).

We agree with Thompson et al. that the Board did not err by making a *sua sponte* determination of obviousness on grounds not asserted below. Thompson et al. alleged in its motion under 37 C.F.R. § 1.633(a) that Thompson's claims were either anticipated by or obvious over the asserted references. We are not persuaded by Thompson's arguments that Thompson et al. did not meet its burden of proving facts showing invalidity by a preponderance of the evidence. The Board "carefully weigh[ed] the evidence both for and against obviousness," *Thompson* at 29, before concluding that the invention would have been obvious. Although the Board did not explicitly state Thompson et al.'s burden of proof, it adequately considered the evidence and provided clear bases for its decision.

We also agree with Thompson et al. that substantial evidence supports the Board's determination that the claims at issue would have been obvious over a combination of the NEMA shade disclosed in the specification in view of the IES reference. The level of ordinary skill in the art of outdoor lighting design appears to be not especially high. There are few differences between the claimed invention and the scope and content of the prior art. The NEMA fixture is described in the '438 patent at col. 2, I. 63 to col. 3, I. 12 and illustrated in Fig. 1. That patent teaches all of the claim limitations except that the parabolic shade is fitted with a glass refractor and it does not extend to the end of the lamp to provide the desirable cutoff of upward light rays. The IES reference teaches each of these differences by disclosing a shade that, as in the claimed invention, extends past the lamp, has no glass refractor, and is open at the bottom. The reference states that the extension gives "an absolute cutoff of 85" and that the "lamp, located up in the reflector, is given added protection from outside forces." We conclude that substantial evidence supports the Board's determination that one of ordinary skill in the art would have been motivated to modify the industry standard NEMA fixture to incorporate the features of the 1947 IES reference (*i.e.*, an open, extended shade with absolute cutoff and no refractor) and achieve the same results taught by that reference (*i.e.*, an outdoor light with a cutoff of substantially 90˝ that does not refract light upwardly into the sky) in a more modern fixture. We therefore affirm its judgment that the invention as a whole would have been obvious under 35 U.S.C. § 103. We do not reach the alternative bases of the Board's rejection.

We also decline to entertain Thompson's new factual assertions about the IES reference on appeal, *viz.*, that it would require a molded construction or a reflector that is contrary to the claimed parabolic configuration and spun-aluminum construction. Attorney arguments raising new factual assertions about references

are not appropriate in the context of an appeal from the Board, which is confined to the record below. *Winner Int'l Royalty Corp. v. Wang,* 202 F.3d 1340, 1345, 53 USPQ2d 1580, 1584 (Fed.Cir.2000).

We also hold that substantial evidence supports the Board's conclusion that Thompson did not offer evidence of secondary considerations sufficient to rebut Thompson et al.'s *prima facie* case of obviousness. His "evidence" of commercial success consisted of the statement: "If we can make this—I can sell thousands of them." Such a prospective wish does not establish commercial success or any nexus between the claimed invention and actual sales. Similarly, Thompson's proffered evidence of others who "marveled" at the invention is too vague to establish long-felt need or any other indicia of patentability.

Finally, having affirmed the Board's decision that the claims are invalid for obviousness, we need not reach the cross-appeal on inventorship because that issue is now moot. Accordingly, we affirm.